**Christopher IHEBEREME, Appellant**

**Chidozie Ihebereme, Appellee**

**v.**

**CAPITAL ONE, N.A., as successor to Chevy Chase Bank FSB and Chevy Chase Bank FSB, Appellees.**

**No. 13–7195.**

United States Court of Appeals, District of Columbia Circuit.

July 25, 2014.

Christopher Ihebereme, Washington, DC, pro se.

Chidozie Ihebereme, Washington, DC, pro se.

Phillip C. Chang, McGuirewoods LLP, Washington, DC, Amy Elizabeth Miller, McGuirewoods, LLP, McLean, VA, for Appellees.

BEFORE: ROGERS, BROWN, and KAVANAUGH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed March 28, 2013, and November 12, 2013, be affirmed.

Appellant has not demonstrated a genuine issue of material fact that appellee breached its duty of good faith and fair dealing or violated the D.C. Consumer Protection Procedures Act by preventing him from making mortgage payments. *See generally Allworth v. Howard University*, 890 A.2d 194, 201 (D.C.2006); D.C.Code § 28–3904(f). Nor has appellant shown that appellee breached its duty of good faith and fair dealing or violated the Homeowners Protection Act, 12 U.S.C. § 4901 et seq., by denying his request to cancel the private mortgage insurance ("PMI") requirement.

To the extent appellant bases his defamation claim on a Notice of Foreclosure dated August 11, 2009, appellant does not address the district court's conclusion that he could not present this document for the first time in a Rule 59(e) motion for reconsideration because it was not "new evidence" that was previously unavailable. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) ("Rule 59(e) ... may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotation omitted). The court declines to consider appellant's arguments, raised for the first time on

appeal in his reply brief, that he complied with the Fair Credit Reporting Act's notice requirement and the district court should not have considered several affidavits because they were not dated. *See United States v. Stover,* 329 F.3d 859, 872 (D.C.Cir.2003) (arguments not presented to the district court "cannot be considered for the first time on appeal"); *Rollins Envtl. Servs. (NJ) Inc. v. EPA,* 937 F.2d 649, 652 n. 2 (D.C.Cir.1991) ("Issues may not be raised for the first time in a reply brief."). Finally, appellant has forfeited any challenge to the remaining portions of the district court's orders by not addressing them on appeal. *See United States ex rel. Totten v. Bombardier Corp.,* 380 F.3d 488, 497 (D.C.Cir.2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.